CENTRAL TRUST CO. OF NEW YORK v. CHATTANOOGA S. R. CO.
(HARRIS, Intervener).

(Circuit Court, N. D. Georgia. April 23, 1895.)

RAILROAD COMPANIES — INSOLVENCY AND RECEIVERS — CLAIMS FOR SERVICES RENDERED PRIOR TO RECEIVERSHIP.

One rendering services to a railroad company, as its secretary, within six months prior to the appointment of receivers, is not entitled to priority over the mortgage bondholders, where there has been no diversion of earnings for the benefit of bondholders. Fosdick v. Schall, 99 U. S. 235, and Cutting v. Railroad Co., 9 C. C. A. 401, 61 Fed. 150, distinguished.

This was a petition filed by Franklin Harris in the consolidated causes brought, respectively, by Elias Summerfield and the Central Trust Company of New York against the Chattanooga Southern Railroad Company, praying payment of the sum of $600 for services rendered, and asking that the claim be decreed a prior lien to that of the mortgage bonds, and be directed to be paid either out of the net earnings of the receivership, or out of the proceeds of the sale. The grounds of his claim are thus set out by the petitioner:

"Petitioner further shows that he was employed by said defendant company as its secretary from the year 1890, and continuously acted as such from said date until the appointment of a receiver in this cause, and fully performed and discharged all the duties appertaining to said office, and incumbent upon him as such secretary. Petitioner shows further that his salary

as such secretary was not stipulated nor agreed upon prior to said appoint- ment, nor any time since, but that the sum of one hundred ($100) dollars per month for the six months next preceding the receiver's appointment is a reasonable compensation for his services as said secretary for said period, and that he has never received from said defendant company or from any one else any compensation whatever for said services, from the time of his original appointment down to this date. * * * Petitioner is advised that he is entitled, by virtue of said services, to a superior lien upon the property and assets of said Chattanooga Southern Railway Company over the lien of the mortgage being foreclosed in this cause, and to payment of said sum of six hundred dollars, or whatever amount the court may adjudge reason- able compensation for said six months' services, either out of the net earnings of said railway company during the receivership, or out of the proceeds of the corpus of its property in case of sale thereof before payment of its bonded debt. * * * Petitioner shows further that said services were rendered for said company after default made by it in the payment of its mortgage debt and accrued interest thereon, and after knowledge of such default by the mortgagee, and while said railroad was still a going concern, and that said services were necessary, proper, and essential to the conduct and man- agement of its business, and to the preservation of its property, and to keep said railway a going concern."

D. Lauck Grayson, for intervener.
Robert C. Alston, for plaintiff.

NEWMAN, District Judge. The only question discussed on this demurrer has been the right of intervener to priority over the lien of the mortgage debt. So far as that question is concerned, I am clear that the intervener does not make a case by his petition such as makes his claim one to be preferred over the mortgage indebtedness. The case of Cutting v. Railroad Co., 9 C. C. A. 401, 61 Fed. 150, de- cided by the circuit court of appeals for this circuit, following Fosdick v. Schall, 99 U. S. 235, decides that, in order to make such a claim preferential, it must appear that there was an order of court, at the time the receivers were appointed, providing for its payment, and evidence that the current earnings before or after the appointment of the receivers were diverted to paying interest on the bonded debt. Neither is shown by this intervening petition. It is true that about a month after his appointment the receiver was authorized to bor- row a certain amount for paying the claims of employés within six months. But, even if this petitioner was such an employé as was embraced in the order, and if the order itself is such as comes within the decisions of the supreme court and the circuit court of appeals, there is no pretense that the earnings were diverted from their proper channel for the benefit of the bondholders in any way. So that it is clear that, so far as the petition seeks to establish priority, the demurrer to it is good. I see no objection to the special master ascertaining the amount of the claim, if that will be of any benefit to the intervener. He probably does not care for this, however, from what has been said on the argument, unless given the prefer- ence he seeks. The demurrer, so far as it goes to the question of his right to have his claim established as a preferred claim, is sustained.